UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Edison Armijos,** ) | |
|       **Plaintiff,** ) | |
| ) | |
|       v. ) | No.: |
| ) | |
| **Dejan Jovanovic,** ) | |
| **Sandra Jozic, and** ) | |
| **Jovanovic, Inc.** ) | |
| **d/b/a Stella Express** ) | |
|       **Defendants.** ) | |

## COMPLAINT

NOW COMES Plaintiff, Edison Armijos ("Plaintiff"), by and through counsel, KREITMAN LAW, LLC, complaining of the Defendants; Jovanovic, Inc. d/b/a Stella Express ("Defendant Jovanovic, Inc."); Sandra Jozic ("Defendant Jozic") and Dejan Jovanovic ("Defendant Dejan Jovanovic") and states as follows:

## PARTIES

1. At all times material to this Complaint, Plaintiff was a natural person, held a commercial driver's license and was a resident of the state of Illinois.

2. At all times material to this Complaint, Defendant Jovanovic, Inc. is and was hereto an Illinois Corporation with a principal office registered with the Illinois Secretary of State located at 600 Naples Court, Unit #304, Glenview, IL 60025.

3. At all times material to this Complaint, Defendant Jovanovic, Inc. was engaged in the interstate trucking and transportation of goods, primarily transporting refrigerated goods originating from customers in Illinois, authorized by the United States Department of Transportation as an interstate motor carrier, MC-867790, USDOT Number 2299632.

4. At all times relevant hereto, Defendant Jovanonic, Inc., used a truck yard located in Chicagoland, Illinois for driver orientation and other administrative functions

5. At all times material to this Complaint, Defendant Dejan Jovanovic is and was the owner, manager and Corporate President, Corporate Secretary and registered agent of Defendant Jovanovic, Inc., and was and is involved in the day-to-day business operations of Defendant Jovanovic, Inc. Among other things, Defendant Dejan Jovanovic has and had the authority to, and does, hire, fire, pay, direct, and supervise workers, including Plaintiff.

6. As registered agent of Defendant Jovanovic, Inc., Defendant Dejan Jovanovic maintains an office registered at 7100 West Talcott Avenue, Chicago, IL 60631.

7. Defendant Dejan Jovanovic is and was a resident of this judicial circuit and resides at 600 Naples Court, Apartment 304, Glenview, IL 60025.

8. At all times material to this Complaint, Defendant Jozic was the Operations Director of Defendant Jovanovic, Inc., and was involved in the day-to-day business operations of Defendant Jovanovic, Inc. Among other things, Defendant Jovic had the authority to, and does, hire, fire, pay, direct, and supervise workers, including Plaintiff.

9. Upon information and belief, Defendant Jovic resides at 600 Naples Court, Apartment 304, Glenview, IL 60025, a property which he is a deed-holder and has registered as a mailing address for himself as Corporate President and Corporate Secretary of Jovanovic, Inc. with the Illinois Secretary of State.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction arising under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is properly placed in this District because the Defendants are transacting business in this District and because a substantial part of the events or omissions

## FACTUAL ALLEGATIONS

13. Plaintiff worked under contract as a "company driver" for Defendant Jovanovic, Inc., operating commercial motor vehicles provided by Defendant Jovanovic, Inc. in their over-the-road trucking business from on or about June 1, 2022 through on or about August 5, 2022.

14. Plaintiff was originally hired to work for Defendant Jovanovic, Inc., by Defendant Jozic who accepted his driver application.

15. Defendants represented to Plaintiff he was an employee of Defendant Jocanovic while he was performing services as a "company driver".

16. While Plaintiff was providing services under contract as a "company driver" for Defendant Jovanovic, Inc., Defendant Jovanovic, Inc. agreed to pay Plaintiff wages equivalent to 30% of the gross booking amount of all loads transported by Plaintiff.

17. This constituted an agreement to pay wages between Defendant Jovanovic, Inc. and Plaintiff as defined by the IWPCA. 820 ILCS 115/2.

18. Pursuant to this contract for services as a "company driver", Defendant Jovanovic, Inc. was the employer of Plaintiff, and the members of the putative Class and putative Subclass as defined by the IWPCA. 820 ILCS 115/2.

19. Pursuant to the contracts for services as a "company driver", Defendant Jovanovic, Inc. was the employer of Plaintiff as defined by Illinois common law, and other

Illinois and federal laws, such as the Fair Labor Standards Act and Illinois Minimum Wage Law.

20. Defendant Jovanovic, Inc. required that Plaintiff attend orientation at the Defendant's Illinois facility and pick up the assigned equipment from the Illinois facility.

21. Defendant Jovanovic, Inc. routinely required Plaintiff to pick up loads in Illinois and transport them to other states, and to pick up loads in other states and transport them to Illinois.

22. While Plaintiff was engaged as a "company driver" by Defendant Jovanovic, Inc., in the operation of commercial motor vehicles:

   a. Defendant Jovanovic, Inc. required Plaintiff to exclusively use dispatchers assigned to Plaintiff, including Defendant Jozic;
   b. Plaintiff were required to be insured through carriers selected by Defendant Jovanovic, Inc., including for insurance for the tractor provided by Defendant Jovanovic, Inc., the trailers provided by Defendant Jovanovic, Inc., and cargo insurance provided by Defendant Jovanovic, Inc.;
   c. Plaintiff was not able to independently negotiate with brokers, shippers or receivers for additional money for labor performed for the benefit of Defendant Jovanovic, Inc.;
   d. Plaintiff's rate of pay was unilaterally determined by Defendant Jovanovic, Inc.;
   e. Plaintiff's driving labor for Defendant Jovanovic, Inc. was performed in the ordinary course of business of Defendant Jovanovic, Inc. as an interstate motor carrier authorized by the USDOT to haul freight;
   f. Plaintiff's driving labor for Defendant Jovanovic, Inc. was performed at the usual places of business of Defendant Jovanovic, Inc. as an interstate motor carrier authorized by the USDOT to haul freight, such as the facilities of shippers and receivers;
   g. Defendant Jovanovic, Inc. required pre-authorization for any repairs to the commercial motor vehicle provided to Plaintiff;
   h. Plaintiff was not permitted to self-dispatch, or use other dispatchers other than those assigned while driving for Defendant Jovanovic, Inc.;
   i. Plaintiff frequently drove on Illinois highways and loading and unloading in the State of Illinois;
   j. Defendant Jovanovic, Inc. issued Plaintiff itemized pay statements;
   k. The commercial motor vehicle provided by Defendant Jovanovic, Inc. to Plaintiff displayed Defendant Jovanovic, Inc.'s decals and displayed

       Defendant Jovanovic, Inc.'s Motor Carrier authority number registered with the United States Department of Transportation;

l. While Plaintiff was driving for Defendant Jovanovic, Inc., he was always driving under Defendant Jovanovic, Inc.'s USDOT motor carrier authority and never his own;

m. Defendant Jovanovic, Inc. arranged and required occupational accident insurance coverage ("OAC"), not workers' compensation insurance, to Plaintiff;

n. Plaintiff was required to follow the rules and procedures set by Defendant Jovanovic, Inc. and Defendant Jovanovic, Inc. enforced these rules through imposition of monetary penalties against Plaintiff's wages (attached as Ex. A);

o. Plaintiff's time-off was determined by and required approval by Defendant Jovanovic, Inc.;

p. The only way Plaintiff could make money while working for Defendant Jovanovic, Inc. was to accept the loads that Defendant Jovanovic, Inc. offered, and to say yes to as many loads as possible, regardless of whether the loads were desirable. Defendant Jovanovic, Inc. also required Plaintiff to follow their direction on specifics including the routes and time and location of pickups and drop offs;

q. Plaintiff was not permitted to control the geographic destination of his loads. Plaintiff was required to haul the loads Defendant Jovanovic, Inc. chose for him. Plaintiff could not, for instance, only take loads going to or coming from their home state, or only take loads within a certain region of the country;

r. Plaintiff had no independent opportunity for profit or loss. Defendant Jovanovic, Inc. required Plaintiff to exclusively haul loads assigned by their dispatch team. Plaintiff could not independently negotiate loads from the "load boards," the online marketplaces that lists prices for available loads, with third parties; and Plaintiff did not employ a specialized skill aside from maintaining a commercial driver's license, his work was integral to the Defendant Jovanovic, Inc.'s usual course of business and at the usual places of business for Defendant Jovanovic, Inc. Plaintiff was a semitruck driver who operated a semitruck for a trucking company.

## **UNPAID WAGES**

23. On July 20, 2022, Plaintiff was a victim of a hit-and-run incident while on duty for Defendant Jovanovic, Inc., and operating the equipment provided to him.

24. Plaintiff timely reported the hit-and run incident and the damage sustained to Defendant Jovanovic, Inc.'s equipment to Defendant Jovanovic, Inc. and law enforcement.

25. Defendant Jovanovic, Inc. told Plaintiff not to report the incident to the insurance carrier.

26. The last weekly pay statement that Plaintiff received was for the week of July 18, 2022 – July 25, 2022.

27. Following this pay statement, Defendant Jovanovic, Inc., ceased paying Plaintiff, yet the Defendants continued to permit Plaintiff to continue working for Defendant Jovanovic, Inc. until Plaintiff's separation on or about August 5, 2022.

28. On average, Plaintiff was earning wages of approximately $2,000.00 - $2,800.00 per week as a company driver for Defendant Jovanovic, Inc.

29. On average, while on the road for Defendant Jovanovic, Inc., Plaintiff was either actively driving, or engaged to wait, either in his truck for an assignment, or at a shipping or receiving facility, for Defendant Jovanovic, Inc., an average of 10 hours per day.

30. Between the 10 day of July 26, 2022 and August 10, 2022, Plaintiff estimates he was either engaged to wait or working for Defendant Jovanovic, Inc. approximately 100 hours for which he was not paid any amount.

31. Plaintiff estimates his withheld earned wages from July 26, 2022 – August 1, 2022 and August 1, 2022 – August 5, 2022 to be approximately $4,500.00.

32. Defendants Jozic and Defendant Dejan Jovanovic knowingly and wrongfully permitted the conversion of Plaintiff's earned wages owed to him between July

26, 2022 – August 1, 2022, to recover the losses incurred as a result of the July 20, 2022, hit and run.

33. Plaintiff has demanded these wrongfully converted amounts from his pay in writing and to date Defendants have refused to pay Plaintiff

## COUNT I
## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF FAIR LABOR STANDARDS ACT
## PLAINTIFF v. ALL DEFENDANTS

34. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-33 of this Complaint above as if fully set forth herein this Paragraph of Count I.

35. At all times material to this Complaint, the Defendants each were an "employer" of Plaintiffs as defined by the FLSA, 29 U.S.C § 203(d).

36. At all times material to this Complaint, Plaintiff was an "employee" of each of the Defendants as defined by the FLSA, 29 U.S.C § 203(e).

37. During Plaintiff's employment with the Defendants, Plaintiff did not fall under any exemption or exception to the FLSA's minimum wage requirements.

38. At all times relevant hereto, 29 U.S.C § 206(a)(1)(C) required employers to pay their employees a minimum wage of $7.25 for every hour worked.

39. Defendants violated 29 U.S.C § 206, *et seq.*, by failing to pay Plaintiff at least $7.25 for the approximately 100 hours worked between July 26, 2022, and August 5, 2022.

40. Plaintiff has never received records of his hours worked, has been denied access to his hours of service records and can provide only an estimate of hours worked during this period.

41. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff suffered at minimum, damages of approximately $725.00.

42. Defendants' actions were willful and merit the imposition of liquidated damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants, jointly and severally, for the following:

a) Unpaid minimum wages in the amount of $725.00;

b) Liquidated damages in the amount of $725.00 or in the alternative, prejudgment interest;

c) Reasonable attorneys' fees and costs of this action; and

d) Such other relief as this Court deems necessary and just.

## COUNT II
### Failure to Pay Minimum Wages in Violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105, *et seq*.
### Plaintiff v. All Defendants

43. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-33 of the Complaint in this matter as if fully set forth herein this Paragraph of Count II.

44. At all times material to this Complaint, each of the Defendants was an "employer" of Plaintiff as defined by the IMWL, 820 ILCS 105/3(c).

45. At all times material to this Complaint, Plaintiff was an "employee" of each of the Defendants as defined by the IMWL, 820 ILCS 105/3(d).

46. During Plaintiff's employment with Defendants, he did not fall under any exemption or exception to the IMWL's minimum wage requirements.

47. At all times material to this Complaint, Plaintiff was entitled to the applicable IMWL hourly minimum wage of $12.00 per each hour worked during his employment with Defendants pursuant to 820 ILCS 105/4(a).

48. From July 26, 2022 – August 5, 2022, Plaintiff worked approximately 100 hours for Defendants and received no pay, in violation of 820 ILCS 105/4(a).

49. As a direct and proximate result of Defendants violation of the IMWL in the above paragraph, Plaintiff sustained damages in the approximate amount of $1,200.00.

50. Pursuant to the IMWL, 820 ILCS 105/12(a), Plaintiff is entitled to recover a penalty in the amount of double the amount of all underpaid IMWL minimum wages, 5% monthly prejudgment interest on each underpayment of IMWL minimum wages, reasonable attorney's fees and costs.

51. Defendant Jozic and Dejan Jovanovic were managerial agents and owners and knowingly implemented and approved the unlawful pay practices towards Plaintiff herein, and are jointly and severally liable for Defendant Jovanovic, Inc.'s IMWL liability. 820 ILCS 105/3(c).

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants, jointly and severally, for the following:

a) Unpaid minimum wages in the amount of $1,200.00;

b) Liquidated damages in the amount of $2,400.00;

c) Statutory prejudgment interest of 5% per month on all underpaid minimum wages;

d) Reasonable attorneys' fees and costs of this action; and

e) Such other relief as this Court deems necessary and just.

**COUNT III**
**VIOLATION OF IWPCA SECTION 4**
**FAILURE TO TIMELY PAY WAGES**
**PLAINTIFF v. ALL DEFENDANTS**

52. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-33 of this Complaint above as if fully set forth herein this Paragraph of Count III.

53. At all times material to this Complaint, Section 4 of the IWPCA commanded in relevant part, "All wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned.". 820 ILCS 115/4.

54. At all times material to this Complaint, Section 14(a) of the IWPCA stated as follows:

> (a) Any employee not **timely paid wages**, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees.
> 820 ILCS 115/14(a) [emphasis added].

55. Plaintiff was paid his earned weekly by Defendant Jovanovic, Inc. during his employment.

56. Defendant Jovanovic, Inc. violated Section 4 of the IWPCA when it failed to timely pay Plaintiff his earned wages between July 26, 2022 – August 5, 2022.

57. Defendant Jovanovic, Inc.'s violations of IWPCA Section 4 have caused Plaintiff to suffer damages, namely not being timely paid his earned wages each week between July 26, 2022 – August 5, 2022, in the estimated amount of $4,500.00.

58. Pursuant to IWPCA Section 14(a), Plaintiff is entitled to statutory 5% monthly prejudgment interest of for each individual violation of IWPCA Section 4, with each instance the Defendant's failure to timely pay wages accruing prejudgment interest on the date of the following weekly pay day from when the weekly payment of wages was due and owing to Plaintiff.

59. Defendant Jozic and Dejan Jovanovic were managerial agents and owners and knowingly implemented and approved the unlawful pay practices towards Plaintiff herein, and are jointly and severally liable for Defendant Jovanovic, Inc.'s IWPCA liability. 820 ILCS 115/13.

60. Pursuant to IWPCA Section 14(a), Plaintiff is entitled to his reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendants, jointly and severally, as follows:

(a) All unpaid wages due and owing to Plaintiff in the estimated amount of $4,500.00;
(b) Statutory 5% prejudgment interest for each individual violation of IWPCA Section 4, with each instance the Defendant's failure to timely pay wages accruing prejudgment interest on the date of the following weekly pay day from when the weekly payment of wages was due and owing to Plaintiff;
(c) Award of reasonable attorney's fees;
(d) Costs; and
(e) Whatever other relief this Court deems just and necessary.

## COUNT IV
### VIOLATION OF IWPCA SECTION 5
### FAILURE TO TIMELY PAY FINAL COMPENSATION
### PLAINTIFF v. ALL DEFENDANTS

61. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-33 of this Complaint above as if fully set forth herein this Paragraph of Count IV.

63. At all times material to this Complaint, Section 2 of the IWPCA in relevant part defined "final compensation" as follows:

> "Payments to separated employees shall be termed "final compensation" and shall be defined as wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties."
> 820 ILCS 115/2.

64. At all times material to this Complaint, Section 5 of the IWPCA commanded in relevant part:

> "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Where such employee requests in writing that his final compensation be paid by check and mailed to him, the employer shall comply with this request.".
> 820 ILCS 115/5.

65. At all times material to this Complaint, Section 14(a) of the IWPCA stated as follows:

> (b) Any employee not **timely paid** wages, **final compensation**, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees.
> 820 ILCS 115/14(a) [emphasis added].

66. Defendant Jovanovic, Inc., violated Section 5 of the IWPCA when it failed to timely pay Plaintiff his earned wages in the estimated amount of $4,500.00 as "final compensation" on the weekly pay period following Plaintiff's August 5, 2022, separation.

62. Defendant's violations of IWPCA Section 5 have caused Plaintiff to suffer damages, namely not being timely paid his final compensation in the estimated amount of $4,500.00.

63. Pursuant to IWPCA Section 14(a), Plaintiff is entitled to statutory 5% monthly prejudgment interest on Plaintiff's unpaid final compensation in the estimated amount of $4,500.00 as "final compensation" on the weekly pay period following Plaintiff's August 5, 2022, separation.

64. Defendant Jozic and Dejan Jovanovic were managerial agents and owners and knowingly implemented and approved the unlawful pay practices towards Plaintiff herein, and are jointly and severally liable for Defendant Jovanovic, Inc.'s IWPCA liability. 820 ILCS 115/13.

65. Pursuant to IWPCA Section 14(a), Plaintiff is entitled to his reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendants jointly and severally, as follows:

(a) All unpaid final compensation due and owing to Plaintiff in the estimated amount of $4,500.00;
(b) Statutory 5% monthly prejudgment interest on Plaintiff's unpaid final compensation in the estimated amount of $4,500.00;
(c) Award of reasonable attorney's fees;
(d) Costs; and
(e) Whatever other relief this Court deems just and necessary.

**COUNT V**
**CONVERSION**
**PLAINTIFF v. ALL DEFENDANTS**

66. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-33 of this Complaint above as if fully set forth herein this Paragraph of Count V.

68. Plaintiff has a right to earned compensation in the estimated amount of $4,500.00 currently in the possession of Defendants.

69. Plaintiff has an absolute and unconditional right to the immediate possession of his earned compensation in the amount of $4,500.00.

70. Plaintiff has repeatedly demanded payment from Defendants.

71. Defendant has wrongfully taken exclusive possession of the Plaintiff's earned compensation in the estimated amount of $4,500.00 without Plaintiff's authorization, and Plaintiff has suffered this amount in damages as a result of Defendants' conversion of these monies.

72. Defendants' actions complained of herein were malicious and for their own personal benefit and warrant the imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants jointly and severally for the following:

a) Actual damages in the amount of $4,500.00;
b) Punitive damages in an amount sufficient to punish Defendants for their wrongful conduct and deter others from engaging in similar wrongful conduct;
c) Prejudgment interest; and
d) Such other relief as this Court deems necessary and just.

Submitted by:
Counsel for Plaintiff
By: ___/s/ *Nicholas J. Kreitman*
Nicholas Kreitman

ARDC #: 6313283
Kreitman Law, LLC
505 North La Salle Dr., Suite 500

Chicago, IL 60654
(847) 970-0575
njk@kreitmanlaw.com

**Driver's Application for Employment**

| | |
|---|---|
| Company name | _____ |
| Street address | _____ |
| City, state zip code | _____ |
| Phone / Fax number | _____ |

## RULES OF CONDUCT FOR ALL DRIVERS:

1) All drivers must check in at 9:00 am and 9:00 p.m. each day to report their location, expected delivery times and any problems encountered since the last check-in A voice message may be left if no one is in the office, and no problems have occurred.

Office

In the case of emergency call

    Failure to call in twice a day will lead to a fine of $50 for each truck, or $25 per driver each day.

2) All drivers must complete a Pre-Trip Inspection on the tractor and trailer, according to DOT regulations. Company must be informed of any problems noticed during the Pre-Trip inspection Any citations received due to the notified problem will be paid by the Company. Any citations received due to the neglect of the driver will not be paid by the Company. In case of any truck or trailer equipment failures, the Company must be informed immediately 24 hours a day. The Company will not acknowledge any actions taken by the driver prior to informing the Company, and any equipment damage due to the neglect of the driver will be considered the responsibility of the driver and will not be paid by the Company.

3) If a load requires refrigeration, the driver must check the condition of the trailer every two (2) hours, including temperatures required by the shipper, and fuel level in the trailer. The Company will not be held responsible for damaged cargo, due to negligence or improper inspection. Any deducted charges against cargo liability will be withheld from INDEPENDENT CONTRACTOR'S settlement All drivers are required to provide complete protection and safety of all cargo, whether refrigerated or dry.

4) All drivers are required to keep a logbook up-to-date for each portion of a trip. All logbooks must be completed and turned into the Company within 13 days from present day, and kept on file according to DOT regulations. Any logbook violations will be paid by the driver, not the Company If a truck is ordered Out of Service due to a logbook violation, each driver will be fined according to the Company policy. If a load is not picked up or delivered late - due to Police Order or for any other reason, unless approved by the shipper and receiver, all late charges incurred by Company will be withheld from INDEPENDENT CONTRACTOR'S settlement.

5) All drivers must inspect the loading of a trailer, where allowed, and check weight at the nearest scale. If the load appears to be overweight, the driver must inform Company immediately by the phone, and return to original loading area for proper weights. The Company will not pay any Citations due to overweight violations

6) During loading, the driver must pay attention to the condition of the load and number of pallets placed on the trailer. If the driver observes any damage such as bad condition of the product, broken boxes, spilling etc..., the driver should stop the loading process, and immediately inform the Company. If the Company approves the damaged load, the driver must note the damage(s) on the Bill of Lading and request the signature of the shipper's representative as proof and acknowledgment of previous damage(s) to the load.

7). At all times, drivers must be courteous and respect all rules and regulations of our customers, other drivers, and officers of all regulatory agencies.

8) Cause for immediate discharge include the following
- Dishonesty;
- Immoral conduct while on duty:
- Fighting;
- Possession of narcotics, or being under the influence of alcohol while on duty;
- Failure to immediately report an accident which results in fatality, injury or property damage;
- Failure to carry out instructions or a direct order of a supervisor;
- Theft;
- Participating in any activities that interfere with Company operation.

☐ I have read and understand the company rules and do hereby agree to follow them.

| Applicant's printed name | Applicant's signature | Date |
|---|---|---|
| _____ | X _____ | _____ |

| Company representative | Signature | Date |
|---|---|---|
| _____ | _____ | _____ |



PLAINTIFF'S EXHIBIT A

Page 17 of 17